# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY D. COOPER, SR., | CASE NO. 1:12-cv-00645-LJO-SMS |
| Plaintiff, | ORDER DISMISSING CASE FOR LACK OF FEDERAL JURISDICTION AND DENYING AS MOOT MOTION TO PROCEED *IN FORM PAUPERIS* |
| v. | |
| CITY/COUNTY OF FRESNO, | |
| Defendant. | (Docs. 1 and 2) |

On April 24, 2012, Plaintiff Johnny D. Cooper, Sr., filed this action purporting to remove a Fresno County Superior Court action (*Cooper v. Hrdlicka* (case number not specified)) to this Court. Plaintiff has failed to include the Superior Court complaint, instead alleging claims under 42 U.S.C. § 1983 arising from the conduct of the underlying action against Plaintiff. The federal complaint, denominated a habeas corpus action, alleges racial discrimination and judicial misconduct in the state court proceedings but provides no factual allegations supporting those causes of action. The complaint also requests that this Court set aside the state court judgment.

This action is not properly classified as a removal action. In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant of defendants, to the district court of the United States for the district an division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because he was the plaintiff below, the statute does not authorize Mr. Cooper's removal of the underlying action to federal court. In addition, the state action is not pending, but

1  was reduced to judgment following settlement in mediation.  Finally, instead of pursuing his
2  claim(s) against Hrdlicka in the federal action, Plaintiff names as defendants the City and County
3  of Fresno.

4        Plaintiff's constitutional claims are in the nature of an appeal from the state court's
5  judgment, based on Plaintiff's allegations of judicial misconduct and racial discrimination.  A
6  federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment
7  (the Rooker-Feldman Doctrine).  *District of Columbia Court of Appeals v. Feldman*, 460 U.S.
8  462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  *See also Bianchi v. Rylaarsdam*,
9  334 F.3d 895, 898 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004).  In the absence of
10 unambiguous authority to the contrary, in this context, a state court is presumed to be an adequate
11 forum in which to raise federal claims.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  To
12 challenge the order(s) or judgment(s) of the state court, Plaintiff must file an appeal with the
13 appellate division of the state court.  *Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16.
14 Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme
15 Court, not in the federal district court.  28 U.S.C. § 1257.

16       A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims
17 raised in the complaint are inextricably intertwined with the state court's decisions so that
18 adjudication of the federal claims would undercut the state ruling or require the district court to
19 interpret the application of state laws or procedural rules.  *Bianchi*, 334 F.3d at 898.  Put another
20 way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds
21 only to the extent that the state court wrongly decided the issues before it or if the relief requested
22 in the federal action would effectively reverse the state court's decision or void its ruling.
23 *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).  The
24 complaint in this case explicitly seeks vacation of the state court judgment.

25       This Court lacks subject matter jurisdiction over Plaintiff's claimed violations of
26 constitutional and other federally protected rights in connection with the state court's action.
27 Accordingly, Plaintiff's federal complaint must be dismissed.
28 ///

1   Plaintiff has also moved to proceed *in forma pauperis* (Doc. 2).  Because this order
2 dismisses Plaintiff's complaint, the motion to proceed *in forma pauperis* is moot.
3   This action is **HEREBY DISMISSED** for lack of federal jurisdiction.

IT IS SO ORDERED.

**Dated:**   **April 30, 2012**              /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE