1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JOHNNY D. COOPER, SR.,                    CASE NO. 1:12-cv-00645-LJO-SMS

10                        Plaintiff,         ORDER DISMISSING CASE FOR
                                             LACK OF FEDERAL JURISDICTION
11       v.                                  AND DENYING AS MOOT MOTION TO
                                             PROCEED *IN FORM PAUPERIS*
12  CITY/COUNTY OF FRESNO,

13                        Defendant.         (Docs. 1 and 2)
    _____/
14

15

16       On April 24, 2012, Plaintiff Johnny D. Cooper, Sr., filed this action purporting to remove

17  a Fresno County Superior Court action (*Cooper v. Hrdlicka* (case number not specified)) to this

18  Court.  Plaintiff has failed to include the Superior Court complaint, instead alleging claims under

19  42 U.S.C. § 1983 arising from the conduct of the underlying action against Plaintiff.  The federal

20  complaint, denominated a habeas corpus action, alleges racial discrimination and judicial

21  misconduct in the state court proceedings but provides no factual allegations supporting those

22  causes of action.  The complaint also requests that this Court set aside the state court judgment.

23       This action is not properly classified as a removal action.  In general, "any civil action

24  brought in a State court of which the district courts of the United States have original

25  jurisdiction, may be removed by the defendant of defendants, to the district court of the United

26  States for the district an division embracing the place where such action is pending."  28 U.S.C.

27  § 1441(a).  Because he was the plaintiff below, the statute does not authorize Mr. Cooper's

28  removal of the underlying action to federal court.  In addition, the state action is not pending, but

1

1  was reduced to judgment following settlement in mediation.  Finally, instead of pursuing his

2  claim(s) against Hrdlicka in the federal action, Plaintiff names as defendants the City and County

3  of Fresno.

4       Plaintiff's constitutional claims are in the nature of an appeal from the state court's

5  judgment, based on Plaintiff's allegations of judicial misconduct and racial discrimination.  A

6  federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment

7  (the Rooker-Feldman Doctrine).  *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

8  462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  *See also Bianchi v. Rylaarsdam*,

9  334 F.3d 895, 898 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004).  In the absence of

10  unambiguous authority to the contrary, in this context, a state court is presumed to be an adequate

11  forum in which to raise federal claims.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).   To

12  challenge the order(s) or judgment(s) of the state court, Plaintiff must file an appeal with the

13  appellate division of the state court.  *Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16.

14  Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme

15  Court, not in the federal district court.  28 U.S.C. § 1257.

16       A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims

17  raised in the complaint are inextricably intertwined with the state court's decisions so that

18  adjudication of the federal claims would undercut the state ruling or require the district court to

19  interpret the application of state laws or procedural rules.  *Bianchi*, 334 F.3d at 898.  Put another

20  way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds

21  only to the extent that the state court wrongly decided the issues before it or if the relief requested

22  in the federal action would effectively reverse the state court's decision or void its ruling.

23  *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).  The

24  complaint in this case explicitly seeks vacation of the state court judgment.

25       This Court lacks subject matter jurisdiction over Plaintiff's claimed violations of

26  constitutional and other federally protected rights in connection with the state court's action.

27  Accordingly, Plaintiff's federal complaint must be dismissed.

28  ///

Plaintiff has also moved to proceed *in forma pauperis* (Doc. 2).  Because this order dismisses Plaintiff's complaint, the motion to proceed *in forma pauperis* is moot.

This action is **HEREBY DISMISSED** for lack of federal jurisdiction.

IT IS SO ORDERED.

**Dated:**   **April 30, 2012**                    _____/s/ Lawrence J. O'Neill_____
                                                                    UNITED STATES DISTRICT JUDGE